STATE ex rel. PARKER VS. THE BOARD OF SUPERVISORS OF
THE COUNTY OF SHEBOYGAN.

*Practice in Mandamus cases.*

On a motion to discharge a rule to show cause why a peremptory *mandamus* should
not issue, the court cannot look at any facts outside of the record annexed to
the application for such rule.

APPLICATION for *Mandamus.*

The relator obtained a rule requiring the respondents to show
cause why a peremptory *mandamus* should not issue, com-
manding them to levy a tax to pay a judgment rendered and
docketed in the circuit court of the United States for the dis-
trict of Wisconsin against said board of supervisors, for the
amount of certain interest coupons attached to bonds issued in
aid of a railroad.   The order was based upon an affidavit and
certain exhibits attached thereto.   The affidavit states that said
bonds were issued under and in pursuance of chapter 124, Pr.
& L. Laws of 1854,* and refers to a copy of one of said bonds
attached as an exhibit.   The form of the bond is as follows:
"State of Wisconsin—Sheboygan County Bond.   Issued Au-
gust 1st, A. D. 1865, to aid in the construction of the Sheboy-
gan & Mississippi Railroad.   KNOW ALL MEN BY THESE PRE-
SENTS: That the county of Sheboygan is justly indebted and

---

* Section 1 of the act appoints certain persons "a board of commissioners
for the purpose of aiding in the construction" of a certain railroad.   Sec. 2 pro-
vides for the election of officers of said board, &c.   Sec. 3 authorizes the commis-
sioners "to borrow one hundred thousand dollars upon the credit of the county of
Sheboygan, for twenty years or less * * at a rate of interest not exceeding seven per
cent. per annum, payable annually in the city of New York, for the purpose of in-
vesting the same in the capital stock" of said railroad company, "and in case the
said money or any part thereof shall not be so borrowed, to subscribe for so many
shares of said capital stock of said railroad company, that the amount of the same
at their par value shall be equal to one hundred thousand dollars, and to pay for the
same in the bonds of said county, payable as above specified."   Sec. 5 provides that
the board of supervisors of said county shall annually levy a tax upon all taxable
property of said county sufficient to pay the interest upon such bonds, and also re-
quires them, in any year when any of the bonds fall due, to levy a tax to pay them.
Sec. 7 provides that such bonds shall not be issued until the question has been sub-
mitted to a vote of the people of said county, &c.—REP.

promises to pay to Watts Sherman or bearer, one thousand dollars at the Bank of New York in the city of New York, on the first day of August, 1876, together with interest thereon at the rate of seven per cent., payable on the presentation of the annexed interest warrants. For the payment of which the faith and credit of the said county are inviolably and irrevocably pledged. This bond is one of a series of like tenor and date, numbered &c. * * issued in pursuance of a resolution of the Sheboygan County Railroad Commissioners, passed July 24th, 1855. (Signed) LEWIS CURTIS, Pres't of B'd of Sheboygan Co. R. R. Commissioners. (Countersigned) W. W. KING, Treasurer of the County of Sheboygan; B. WILLIAMS, Secretary. State of Wisconsin, County of Sheboygan, ss. I hereby certify that this bond is issued by the Sheboygan County Railroad Commissioners by virtue of and in conformity with the provisions of an act of the Wisconsin Legislature, entitled &c. * * * * In witness whereof, I have hereunto set my hand and affixed the seal of said county this 30th day of August, 1855. (Signed) A. POTT, Clerk of the Board of Supervisors of Sheboygan County," with the seal of said county attached.

The affidavit farther states that said bonds, with coupons attached, were duly delivered to the Sheboygan and Mississippi Railroad Company at about the day of the date of the bonds, in payment for a subscription to the capital stock of said company before then duly made, &c. ; and that said bonds then and there became valid and legal bonds of said county of Sheboygan, under the provisions of said act. The affidavit then states the recovery of said judgment in the United States circuit court for the amount of certain of said interest coupons, and that the same remains in full force, and no part thereof has been paid, &c. ; and that " said county board of supervisors have never levied or collected any tax for the purpose of paying the said coupons or interest warrants upon which said judgment

was rendered, but neglect and refuse so to do, although by law it was their duty long since to have done so."

A copy of the record and judgment in the U. S. circuit court is attached to the affidavit; and in the notice accompanying the declaration in said record, are copies of said coupons, which are in the form of orders or drafts upon the treasurer of Sheboygan county, signed "LEWIS CURTIS, Pres't B'd Sheboygan Co. R. R. Commiss'rs," and countersigned "B. WILLIAMS, Secretary."

The respondents moved to discharge the rule; and filed a certified copy of certain proceedings in the U. S. circuit court, from which it appeared that the judgment there had been taken up on error to the supreme court of the United States.

*Buttrick, Hill & Hall,* for the motion:

The affidavit is insufficient, and what purports to be a record attached thereto is incomplete. The bond on its face does not purport to have been issued by the county of Sheboygan, but "in pursuance of a resolution of the Sheboygan County R. R. Commissioners," and is signed by Lewis Curtis as president of those commissioners. The coupons are upon their face drafts of Lewis Curtis, president &c., upon the treasurer of the county, and are unaccepted. The affidavit alleges that the bonds were issued pursuant to the act, and that they are legal and valid bonds of said county under the provisions of said act. This, however, is merely a conclusion of law. It should have alleged the performance of all the acts required by the law to be performed as conditions precedent to the issuing of the bonds. The relator in his application must show a clear right to the writ. *People v. Supervisors of Chenango County,* 1 Kern., 563–74; *State ex rel. Carpenter v. Hastings,* 10 Wis.. 518; *State ex rel. &c. v. Slavan,* 11 id., 153; *People v. Ransom,* 2 Coms., 490. He must also show that he has no other specific remedy. *State v. Washington Co.,* 2 Chand. 247; *Att'y General v. Lum,* 2 Wis., 507. The statutes provide a specific remedy by execution. Sec. 24, ch. 13, R. S.

There is nothing before the court to show that the respondent was notified of the judgment, or that application was made to the court for an execution, or that any execution issued in conformity with the statute.

Counsel also argued that the judgment in question being before the supreme court of the United States for review, on error, it would not be enforced by *mandamus*, until the cause should be disposed of in that court. *Brown v. Clark*, 3 Johns., 443; *Jackson ex dem. Hart v. Smith*, 6 Cow., 580; *Wolfe v. Horton*, 3 Caines, 86; *Hudson v. Smith*, 9 Wis., 122; *Ex parte Booth*, 3 Wis., 145, 153, 154. This proceeding should have been instituted in the circuit if in any state court. Sec. 5, ch. 116, R. S. p. 644.

*Mat. H. Carpenter, contra.*

COLE, J. The motion to discharge the rule to show cause must be denied. This case comes within the ruling in the case of the *State ex rel. Carpenter v. The Supervisors of the Town of Beloit et al.*, just decided. It is said that it appears that the judgment mentioned in the application has been removed to the supreme court by writ of error, and that therefore its collection ought not to be enforced. This is a mistake. No such fact appears in the record annexed to the application. Of course we cannot look outside the application in deciding this motion.

*By the Court.*—Motion denied.